JOSEPH WILLIS, Plaintiff

v.

PAUL WILLIS, TONY WILLIS, LAUPATI WILLIS,
TUILAGI WILLIS, ALEXANDER WILLIS,
DORA ASUEGA, DAISY W. VEA,
and TIRESA W. PASSI, Defendants

JOSEPH WILLIS, Plaintiff

v.

DORA ASUEGA AND PURCILLA POYER, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 44-86
LT No. 45-86

June 30, 1987

Before REES, Chief Justice, and TAUANU'U, Chief
Associate Judge.

Counsel: For Plaintiff, Aviata Fa'alevao
For Defendants, Togiola Talalelei Tulafono

Final Opinion and Order:

In our initial opinion on these matters we
proposed that in order to enable the Willis heirs
to own and develop the land Lepuapua "communally"
in the absence of a family matai, the Court's
decision in Willis v. Willis, 2 A.S.R.2d 102 (1986)
should be construed as having recognized the six
Willis brothers and sisters as tenants in common.
In response to our request for reactions to this

188

proposal the defendants have filed a document by which they "submit to the [court's] conclusion that the intention of the trial court's finding that the Willis family over land 'Lepuapua' as communal means tenants in common." Plaintiff Joseph Willis has written a letter to the Chief Justice reiterating the arguments he made in <u>Willis v. Willis</u> to the effect that Lepuapua is his individual property. Since these arguments have already been rejected by the trial court and the appellate court, we are unable to consider them.

For the reasons stated in our original opinion on these cases, therefore, we declare that each of the six children of Alexander and Falesau Willis holds a one-sixth undivided interest in Lepuapua.

In the judgment of the Court, the sum of $450 already taxed against the plaintiff to cover the defendants' attorney fees in No. 44-86 is sufficient to cover the brief post-trial proceedings as well as the original hearing. No further fees will therefore be awarded. The plaintiff should of course obey the Court's original order.

INDEX

ADMIRALTY

Unification of common law and admiralty procedure
was a factor court should consider in determining
whether to apply prior rule that maritime liens
could only be foreclosed in admiralty and ship
mortgages could only be foreclosed in courts of
common law or equity. Security Pacific National
Bank v. M/V Conquest, p. 59.

Although Ship Mortgage Act was inapplicable in High
Court of American Samoa, its provisions could be
applied by analogy by court in applying general law
of admiralty. 46 U.S.C. §§ 911 et seq. Id.

Under the general law of admiralty applicable in
American Samoa, ship mortgage which complied with
statutory requirements of a Preferred Ship Mortgage
created a maritime lien enforceable in admiralty,
and its priority was the same as it would have been
if foreclosed in federal district court. Id.

To allow lienholder to obtain higher priority by
foreclosing in jurisdiction that does not have a
federal district court, where Congress apparently
intended to create uniform set of priorities and
parties contracted accordingly, would give rise to
unjust enrichment. Id.

ADOPTION

Where child lives with natural parents as well as
prospective adopting parents and the only apparent
effect of a termination of parental rights would be
to enable a prospective adopting parent to obtain
higher Social Security benefits, the termination
will be denied. In re Two Minor Children, p. 21.

Notwithstanding the consent of child's natural
parents to the termination of their parental rights
and obligations so that child could be adopted by
another couple, such termination would not serve
the best interests of the child where (1) the
prospective adopting parents were sixty-four and
fifty-eight years old, (2) the natural parents were
much younger, (3) the child had lived for most of
his life with his natural parents, and (4) the only
apparent advantage of a legal adoption would be
increased Social Security benefits for the
prospective adopting parents. In re A Minor Child,
p. 138.

In order for a child to leave his natural parents and live with another couple as their adopted child in accordance with Samoan custom, it is not necessary that the child be legally adopted or that the legal rights and obligations of the natural parents be terminated. Id.

In assessing the best interests of a child for the purposes of a proceeding to terminate parental rights so that the child can be adopted, the court must consider the prospective adopting parents' ability to support the child until the child's majority and may therefore consider the ages of the child, of the natural parents, and of the prospective adopting parents. In re A Minor Child, p. 181.

The best interests of a two-year-old child would not be served by terminating the parental rights and obligations of her natural mother so that she could be adopted by her seventy-six-year-old great-grandmother. Id.

## AMERICAN SAMOA GOVERNMENT

Legislative resolution disapproving lease of government land, pursuant to statute giving binding effect to such resolutions, was not a "law" within the meaning of a constitutional provision requiring all laws to be enacted by bill rather than resolution. Rev. Const'n of Am. Samoa art. II § 9. Tuika Tuika v. Governor of American Samoa, p. 85.

By making it easier for the legislature to supervise the quasi-legislative activities of the executive branch, a territorial statute providing for "legislative veto" enhanced the diffusion of power among the different branches of government. A.S.C.A. § 37.2030. Id.

Under Constitution of American Samoa the legislature, and particularly the Senate which is composed of traditional chiefs chosen according to Samoan custom, has a peculiar relationship to the preservation of land and culture. Rev. Const'n of Am. Samoa art. I § 3, art. II § 4. Id.

Administrative board, given statutory authority to advise agency and to perform such duties as governor assigns, had no authority to issue binding personnel decisions absent explicit grant, especially when Code sets forth hiring and

termination procedures that do not involve board. Banks v. American Samoa Government, p. 113.

Where evidence indicated that decision to terminate probationary employee was made by appropriate executive official with governor's approval rather than by advisory board, court would not question the decision. A.S.C.A. §§ 7.0102, 7.0206, 7.0211. Id.

Federal constitution would not prohibit American Samoan hiring preference, which is reasonably calculated to alleviate the difficulties that attend a government composed largely of officials with no knowledge of the local language and culture and who generally remain in the territory only temporarily. Id.

Where government attorney advised government official against retaining separate counsel in grievance procedure, but did not claim to be representing the government official, and where there was no evidence that the official's failure to employ separate counsel deprived her of any remedy that would otherwise have been available to her, the attorney's conduct did not entitle the official to recover damages against the government. Id.

Territorial immunity from suit may be implied from similarities between structures of American Samoan and state governments. Ferstle v. American Samoa Government, p. 160.

American Samoa Government, immune from suit absent consent or waiver, is not a "person" for purposes of federal civil rights statute. 42 U.S.C. § 1983. Id.

Government Tort Liability Act does not constitute waiver of immunity from suit so as to give right of action against territorial government under federal civil rights law. A.S.C.A. § 43.1203 et seq.; 42 U.S.C. § 1983. Id.

Territorial government is not a "person" liable under federal civil rights law for conspiracy to violate federal rights. 42 U.S.C. § 1985. Id.

APPEAL & ERROR

In the absence of evidence of contrary Samoan custom, appellate court would not reverse trial

court judgment that candidate for matai title could cumulate two separate claims to ancestry from original titleholder in determining the degree of his blood relationship to titleholder. In re Matai Title La'apui, p. 7.

Trial court judgment becomes final on parties who do not appeal or who dismiss their appeals, and they cannot appear in trial court proceedings on remand after successful appeal by other parties. Security Pacific National Bank v. M/V Conquest, p. 59.

## ATTORNEY FEES

Counsel should be appointed by the court without cost to a criminal defendant only when he is genuinely unable to pay for his own lawyer. American Samoa Government v. Fesagaiga, p. 29.

For the purpose of determining whether a criminal defendant is unable to pay for his own lawyer, the court should consider all funds available to the defendant from all sources, not just the income from his employment. Id.

Party defending against attempt to relitigate claim previously decided against claimant could recover reasonable attorney fees. Taulaga M. v. Patea S., p. 186.

## ATTORNEYS

Where government attorney advised government official against retaining separate counsel in grievance procedure, but did not claim to be representing the government official, and where there was no evidence that the official's failure to employ separate counsel deprived her of any remedy that would otherwise have been available to her, the attorney's conduct did not entitle the official to recover damages against the government. Banks v. American Samoa Government, p. 113.

## CONSTITUTIONAL LAW

Constitutional right to due process of law is not denied when a court which has repeatedly accommodated counsel's unusual requests and overlooked procedural irregularities finally ceases

to do so and dismisses the action. Monte Kaho v. Ron Pritchard Ground Services, Inc., p. 40.

Similarly worded constitutional and statutory provisions may be construed differently in different jurisdictions, especially where they have been adopted and applied in different circumstances. Tuika Tuika v. Governor of American Samoa, p. 85.

Territorial statute providing for a "legislative veto" of leases of government land did not violate American Samoa Constitution. A.S.C.A. § 37.2030; Rev. Const'n of Am. Samoa art. II §§ 9 & 10. Id.

Legislative resolution disapproving lease of government land, pursuant to statute giving binding effect to such resolutions, was not a "law" within the meaning of a constitutional provision requiring all laws to be enacted by bill rather than resolution. Rev. Const'n of Am. Samoa art. II § 9. Id.

By making it easier for the legislature to supervise the quasi-legislative activities of the executive branch, a territorial statute providing for "legislative veto" enhanced the diffusion of power among the different branches of government. A.S.C.A. § 37.2030. Id.

Under Constitution of American Samoa the legislature, and particularly the Senate which is composed of traditional chiefs chosen according to Samoan custom, has a peculiar relationship to the preservation of land and culture. Rev. Const'n of Am. Samoa art. I § 3, art. II § 4. Id.

Fact that jurors who speak only Samoan must receive jury instructions through translator does not violate constitutional right to due process; need for translation is inevitable in bilingual territory where many witnesses and jurors speak one language but not the other. 46 A.S.C.A. § 46.1504. American Samoa Government v. Agasiva, p. 110.

Judiciary must not substitute its own judgment for that of executive branch on what is in "the best interest of the government." A.S.C.A. § 7.0211. Banks v. American Samoa Government, p. 113.

A government employee with no contractual or statutory right to continued employment may be fired for any reason or even "for no reason whatever" without a denial of due process; only

exception is that employee cannot be terminated for a reason that itself violates some constitutional right, such as free speech or equal protection of the laws. U.S. Const. amdt. 14. Id.

Personnel board's recommendation not to employ plaintiff was not shown to have been motivated by constitutionally impermissible gender-based discrimination when it could have resulted from past experience applicable to employees of either sex and plaintiff failed to bring evidence suggesting otherwise. U.S. Const. amdt. 14. Id.

Personnel board's recommendation not to employ plaintiff was not shown to have been based on allegedly unconstitutional statutory Samoan hiring preference when evidence showed overwhelmingly that Board's recommendation was a response to undue manipulation of hiring process by plaintiff's husband. Id.

In "unincorporated" territories the federal constitution applies only insofar as its tenets restate "those fundamental limitations in favor of personal rights" that are "the basis of all free government" or insofar as Congress expressly extends a particular constitutional provision to the territory. Id.

Although the due process clause of the federal constitution, which implicitly forbids racial discrimination by the federal government, binds the territories in at least some of its applications, it does not necessarily bind the territories in the same ways and to the same extent as in the continental United States. U.S. Const. amdt. 14. Id.

Federal constitution would not prohibit American Samoan hiring preference, which is reasonably calculated to alleviate the difficulties that attend a government composed largely of officials with no knowledge of the local language and culture and who generally remain in the territory only temporarily. Id.

Federal constitutional requirement that "citizens of each state shall be entitled to all privileges and immunities of citizens in the several states" applies to states and not to unincorporated and unorganized territories. U.S. Const. art. IV § 2. Id.

Federal civil rights laws do not operate to extend into territories those applications of the federal constitution that would not apply in the territories under the doctrine of the Insular Cases. 42 U.S.C. § 1983. Id.

Neither the rights to free speech and a free press nor a criminal defendant's constitutional right to a public trial preclude a court from excluding members of the public from the courtroom during the testimony of juvenile complaining witness in a rape case, where the court has determined after a public hearing that such exclusion is necessary to protect the witness's psychological well-being or to prevent her from being harassed and intimidated. American Samoa Government v. Masaniai, p. 156.

Territories are not "states" within meaning of fourteenth amendment, so Congress acted under its constitutional power to regulate territories when it revised civil rights statute to include territories. U.S. Const. art. IV § 3; 42 U.S.C. § 1983. Ferstle v. American Samoa Government, p. 160.

Applicability of remedial civil rights statute to American Samoa does not extend application in territory of any federal constitutional provisions that would not otherwise apply under the doctrine of the Insular Cases. 42 U.S.C. § 1983. Id.

Conflict between constitutional provisions are ordinarily resolved in favor of the more recently enacted. Id.

Absent waiver of sovereign immunity or consent to suit, action for damages under civil rights law may not be maintained against any of the several states. 42 U.S.C. § 1983. Id.

Sovereign immunity is premised on the notion that there can be no action to enforce a right against authority that created the right. Id.

Territorial immunity from suit may be implied from similarities between structures of American Samoan and state governments. Id.

CONTRACTS

To allow lienholder to obtain higher priority by foreclosing in jurisdiction that does not have a federal district court, where Congress apparently

intended to create uniform set of priorities and parties contracted accordingly, would give rise to unjust enrichment. Security Pacific National Bank v. M/V Conquest, p. 59.

Notarization serves to assure the authenticity and validity of signatory's assent to a document, and there is a strong presumption that a notarized signature is valid. Mailo v. Soane, p. 140.

CORPORATIONS

Territorial statute providing that shareholder may either cast all his votes for one candidate for corporate office or divide his votes among as many candidates as there are positions did not leave corporate management free to choose which of these two methods would be followed; rather, it required that each shareholder be given the option of choosing how to cast his votes. A.S.C.A. § 30.0142. Fa'atiliga v. Lutali, p.1.

Where notice of corporate election was in the newspaper rather than by mail or personal delivery as required in the corporate by-laws, but where there was no testimony that any shareholder had not in fact received notice of the meeting, the alternative method of notice was not shown to have interfered with the shareholders' right to vote. Id.

Court would allow assets of corporation to be garnished to satisfy judgment owed by ex-husband to ex-wife under divorce decree, where (1) business had been jointly owned and managed by husband and wife, (2) husband had formed a corporation in which he and another person owned all the shares and had secured wife's agreement to transfer the business to the corporation a few months before husband filed for divorce, (3) evidence suggested that corporation now owned assets formerly belonging to husband and wife, and (4) the amount garnished was less than the amount of payments long overdue on a property settlement which had been ordered by the court to compensate wife for her interest in the business now owned by the corporation. Dellumo v. Dellumo, p. 48.

COURTS

Statute prescribing participation in matai title dispute of one law-trained judge, as well as four

associate judges who are not lawyers but who are chosen for their familiarity with Samoan custom, did not require that the law-trained judge be present during all deliberations of the associate judges. A.S.C.A. § 3.0240. In re Matai Title La'apui, p. 7.

Automatic stay of suits against bankruptcy petitioner does not operate to stay proceedings against solvent co-defendants. 11 U.S.C. § 362. Monte Kaho v. Ron Pritchard Ground Services, Inc., p. 40.

Trial Court had discretion to dismiss action four years after it had been filed, eighteen months after court had given notice that the case would be dismissed unless good cause to the contrary should be shown, and one year after the date that counsel estimated he would move for trial, when no such motion had been made. Id.

Constitutional right to due process of law is not denied when a court which has repeatedly accommodated counsel's unusual requests and overlooked procedural irregularities finally ceases to do so and dismisses the action. Id.

When court is considering the application of judge-made rules rather than legislation or a constitution, it has the duty to consider whether changed circumstances warrant modification of such rules. Id.

When Supreme Court has not had occasion to reconsider a precedent for almost a century, almost all applications of precedent have been overruled by statute, and Supreme Court has overruled similar precedents in closely related or analogous areas, lower court may conclude that the precedent no longer represents the law that would be applied by Supreme Court. Id.

Territorial statute permitting jurors who can read, speak, and understand Samoan but not English does not violate defendant's constitutional right to effective assistance of counsel. 46 A.S.C.A. § 46.1504. American Samoa Government v. Agasiva, p. 110.

Fact that jurors who speak only Samoan must receive jury instructions through translator does not violate constitutional right to due process; need for translation is inevitable in bilingual territory where many witnesses and jurors speak one

language but not the other. 46 A.S.C.A. § 46.1504. Id.

Disqualification of jurors in Samoa on basis of their inability to speak, read, or understand English would defeat concept of randomness that underlies idea of trial by impartial jury. Id.

Assertion of jurisdiction by the National Labor Relations Board over complaints charging unfair labor practices by employers in American Samoa precludes territorial court from exercising jurisdiction over such complaints. 29 U.S.C. § 164(c). Su'a v. Star Kist Samoa, Inc., p. 135.

The distance between American Samoa and the NLRB regional office in San Francisco, and consequent expense and inconvenience of bringing complaints there, were not "interests so deeply rooted in local feeling and responsibility" that territorial court could exercise jurisdiction over complaints that would otherwise be within the exclusive jurisdiction of the National Labor Relations Board. Id.

Territorial statute permitting court to subordinate rules of "practice or procedure" to exigencies of justice and convenience does not give the court power to overturn a final judgment in the absence of new evidence, fraud, surprise, or similar circumstances, since res judicata is a rule of substantive law and not of procedure. A.S.C.A. § 3.0242(b); T.C.R.C.P. Rule 60. Willis v. Willis, p. 144.

CRIMINAL LAW

Police officer's uncontroverted testimony that speed limit sign had been posted because the road was near a school did not bind the court to find that the posted limit applied only during school hours. American Samoa Government v. Sale Uo, p. 14.

Burden of proof beyond a reasonable doubt in criminal cases does not prohibit trier of fact from drawing inferences from the evidence. Id.

"Proximate cause" within the meaning of homicide by vehicle statute is proven if the traffic regulation violated by the defendant was designed to prevent the sort of harm that actually occurred and the

violation was a substantial factor in bringing about the accident. A.S.C.A. § 22.0706. Id.

Counsel should be appointed by the court without cost to a criminal defendant only when he is genuinely unable to pay for his own lawyer. American Samoa Government v. Fesagaiga, p. 29.

For the purpose of determining whether a criminal defendant is unable to pay for his own lawyer, the court should consider all funds available to the defendant from all sources, not just the income from his employment. Id.

When each of two crimes requires proof of an element not included in the other, and when defendant sought severance of the two charges and immediately pleaded guilty to the less serious offense, trial on the other charge does not constitute double jeopardy. American Samoa Government v. Moafanua, p. 33.

Territorial statute permitting jurors who can read, speak, and understand Samoan but not English does not violate defendant's constitutional right to effective assistance of counsel. 46 A.S.C.A. § 46.1504. American Samoa Government v. Agasiva, p. 110.

Neither the rights to free speech and a free press nor a criminal defendant's constitutional right to a public trial preclude a court from excluding members of the public from the courtroom during the testimony of juvenile complaining witness in a rape case, where the court has determined after a public hearing that such exclusion is necessary to protect the witness's psychological well-being or to prevent her from being harassed and intimidated. American Samoa Government v. Masaniai, p. 156.

Where statute defines the crime of sexual abuse to include the purpose of arousing or gratifying sexual desire, such purpose can be inferred by the trier of fact from the defendant's conduct. Id.

Statute defining the crime of sodomy does not require proof that defendant committed the act with the purpose of arousing or gratifying sexual desire. A.S.C.A. § 46.3611. Id.

That defendant's conduct was similar to pre-Christian ceremonial practices was no defense in prosecution for sexual abuse and sodomy, since territorial legislature enacted no statutory

exception for such practices. A.S.C.A. §§ 46.3611, 3612. Id.

Although a defendant cannot be convicted of a crime unless the evidence establishes his guilt beyond a reasonable doubt, a conviction should not be vacated merely because at some time after the conviction the accumulation of evidence against the defendant falls slightly below this standard. American Samoa Government v. Masaniai, p. 183.

That a complaining witness in a sexual assault case later recants her testimony does not of itself require that the conviction be vacated. Id.

Conviction of father for sex crimes against his minor daughter should not be vacated on account of later statement by the complaining witness that she had testified falsely at trial, at least where (1) other witnesses reaffirmed their testimony concerning defendant's admissions and (2) court concluded from testimony and demeanor of complaining witness that she had testified truthfully at trial and had been moved to recant only because of pressure from her family and a desire to help her father. Id.

CUSTOM

Long occupancy of land by one family is not necessarily inconsistent with ownership by another family. Leota v. Faumuina, p. 11.

There is a strong presumption that land in American Samoa is communal rather than individual property. Id.

Communal land given in atonement for an offense committed by a family member is presumed to become the communal property of the victim's family rather than the victim's individual property. Id.

Samoa was the actual historical location of the Garden of Paradise. Talili v. Satele, p. 23.

Absent special circumstances, senior matai of a Samoan family must respect the right of family members who have long resided on family land to continue residing on family land. Id.

Right of Samoan family member to occupy a particular piece of land is not absolute; senior matai of family may reallocate land within family

by providing displaced family members with equivalent land. Id.

Right of Samoan family member to use family land for economic purposes is subject to the right of family to contributions in proportion to the value of the fruits of occupancy. Id.

Senior matai of Samoan family should not take major steps with regard to family land without prior consultation of family, and particularly of family members directly affected. Id.

When a rule of law has been adopted in an overwhelming majority of the jurisdictions with which forum state has contact, the rule may give rise to changed customs and usages within forum. Security Pacific National Bank v. M/V Conquest, p. 59.

Under Constitution of American Samoa the legislature, and particularly the Senate which is composed of traditional chiefs chosen according to Samoan custom, has a peculiar relationship to the preservation of land and culture. Rev. Const'n of Am. Samoa art. I § 3, art. II § 4. Tuika Tuika v. Governor of American Samoa, p. 85.

Where there was insufficient evidence to resolve dispute among candidates for matai title about the identity of the original titleholder, and where recent trial court opinion announcing a rule that ancestry of matai title candidates should be traced to the original titleholder had been criticized in subsequent opinions of appellate court, the trial court in a later case would attempt to calculate each candidate's ancestry both to the nearest titleholder and to the titleholder who was the nearest common ancestor of the candidates. In re Matai Title Fano, p. 148.

That defendant's conduct was similar to pre-Christian ceremonial practices was no defense in prosecution for sexual abuse and sodomy, since territorial legislature enacted no statutory exception for such practices. A.S.C.A. §§ 46.3611, 3612. American Samoa Government v. Masaniai, p. 156.

DAMAGES

Rental company that allowed its automobile to be operated on the highway without insurance required

by law was liable for damages suffered by person injured by negligent driver of company's automobile, up to the amount that would have been covered by insurance if the rental company had not breached its statutory duty to provide insurance. A.S.C.A. §§ 22.1001, 22.2002-03. Foma'i v. Samana, p. 102.

## EQUITY

Where plaintiffs had waited three years to file suit after territorial Attorney General had announced that a territorial statute was unconstitutional, and government had granted a number of leases during the intervening years that did not conform to requirements of the statute, action for declaratory judgment that the statute was unconstitutional would be entertained but demand for the invalidation of leases signed prior to the date suit was filed was barred by laches. Tuika Tuika v. Governor of American Samoa, p. 85.

Territorial statute permitting court to subordinate rules of "practice or procedure" to exigencies of justice and convenience does not give the court power to overturn a final judgment in the absence of new evidence, fraud, surprise, or similar circumstances, since res judicata is a rule of substantive law and not of procedure. A.S.C.A. § 3.0242(b); T.C.R.C.P. Rule 60. Willis v. Willis, p. 144.

## EVIDENCE

When opinion of witness is admitted into evidence, court need not accept opinion as fact but must give it the weight to which the court believes it is entitled. American Samoa Government v. Sale Uo, p. 14.

Police officer's uncontroverted testimony that speed limit sign had been posted because the road was near a school did not bind the court to find that the posted limit applied only during school hours. Id.

Burden of proof beyond a reasonable doubt in criminal cases does not prohibit trier of fact from drawing inferences from the evidence. Id.

Evidence that automobile struck a pedestrian,

without more, does not constitute proof that driver was negligent. Matalolo v. Penitusi, p. 46.

"Preponderance" standard means that if the parties' contradictory versions of the facts have equal evidentiary support and the plaintiff cannot establish superior credibility, the defendant must prevail. Lafaele v. Continental Insurance Co., p. 131.

Notarization serves to assure the authenticity and validity of signatory's assent to a document, and there is a strong presumption that a notarized signature is valid. Mailo v. Soane, p. 140.

Notarization of defendant's alleged signature on a deed, together with similarity of some characters in the signature to undisputed specimens of defendant's handwriting, was evidence that could not be overcome by defendant's assertion that the signature on the deed was forged. Id.

Where statute defines the crime of sexual abuse to include the purpose of arousing or gratifying sexual desire, such purpose can be inferred by the trier of fact from the defendant's conduct. American Samoa Government v. Masaniai, p. 156.

Although a defendant cannot be convicted of a crime unless the evidence establishes his guilt beyond a reasonable doubt, a conviction should not be vacated merely because at some time after the conviction the accumulation of evidence against the defendant falls slightly below this standard. American Samoa Government v. Masaniai, p. 183.

That a complaining witness in a sexual assault case later recants her testimony does not of itself require that the conviction be vacated. Id.

Conviction of father for sex crimes against his minor daughter should not be vacated on account of later statement by the complaining witness that she had testified falsely at trial, at least where (1) other witnesses reaffirmed their testimony concerning defendant's admissions and (2) court concluded from testimony and demeanor of complaining witness that she had testified truthfully at trial and had been moved to recant only because of pressure from her family and a desire to help her father. Id.

FAMILY LAW

Court would allow assets of corporation to be garnished to satisfy judgment owed by ex-husband to ex-wife under divorce decree, where (1) business had been jointly owned and managed by husband and wife, (2) husband had formed a corporation in which he and another person owned all the shares and had secured wife's agreement to transfer the business to the corporation a few months before husband filed for divorce, (3) evidence suggested that corporation now owned assets formerly belonging to husband and wife, and (4) the amount garnished was less than the amount of payments long overdue on a property settlement which had been ordered by the court to compensate wife for her interest in the business now owned by the corporation. Dellumo v. Dellumo, p. 48.

Notwithstanding the consent of child's natural parents to the termination of their parental rights and obligations so that child could be adopted by another couple, such termination would not serve the best interests of the child where (1) the prospective adopting parents were sixty-four and fifty-eight years old, (2) the natural parents were much younger, (3) the child had lived for most of his life with his natural parents, and (4) the only apparent advantage of a legal adoption would be increased Social Security benefits for the prospective adopting parents. In re A Minor Child, p. 138.

In order for a child to leave his natural parents and live with another couple as their adopted child in accordance with Samoan custom, it is not necessary that the child be legally adopted or that the legal rights and obligations of the natural parents be terminated. Id.

Claimant family judicially determined to be communal owners of disputed tract could not banish other claimant who had long been assigned use of it without the extensive consultation and just compensation which are an essential part of the relationship between sa'o and members of his family. Tuileata v. Amituana'i, p. 168.

Natural father's parental rights cannot be terminated without compliance with statutory requirements, including that diligent efforts be made to give actual notice. In re A Minor Child, p. 181.

A party seeking the termination of parental rights must provide notice to the child's natural father, either by the statutorily approved method, or by publication if permitted by court order. Id.

In assessing the best interests of a child for the purposes of a proceeding to terminate parental rights so that the child can be adopted, the court must consider the prospective adopting parents' ability to support the child until the child's majority and may therefore consider the ages of the child, of the natural parents, and of the prospective adopting parents. Id.

The best interests of a two-year-old child would not be served by terminating the parental rights and obligations of her natural mother so that she could be adopted by her seventy-six-year-old great-grandmother. Id.

INSURANCE

Statute requiring the owner of a vehicle to purchase and maintain liability insurance for losses inflicted by any person using his vehicle, and related statutes forbidding the operation of uninsured vehicles on the public highway and giving an injured person the right to bring direct action against the insurer, were intended to ensure recovery in tort for victims injured by drivers who could not afford to pay damages. A.S.C.A. §§ 22.1001, 22.2002-03. Foma'i v. Samana, p. 102.

Rental company that allowed its automobile to be operated on the highway without insurance required by law was liable for damages suffered by person injured by negligent driver of company's automobile, up to the amount that would have been covered by insurance if the rental company had not breached its statutory duty to provide insurance. A.S.C.A. §§ 22.1001, 22.2002-03. Id.

JUDGMENTS

Trial court judgment becomes final on parties who do not appeal or who dismiss their appeals, and they cannot appear in trial court proceedings on remand after successful appeal by other parties. Security Pacific National Bank v. M/V Conquest, p. 59.

When Supreme Court has not had occasion to reconsider a precedent for almost a century, almost all applications of precedent have been overruled by statute, and Supreme Court has overruled similar precedents in closely related or analogous areas, lower court may conclude that the precedent no longer represents the law that would be applied by Supreme Court. Id.

A judgment that has become final cannot be disturbed in the absence of new evidence, fraud, surprise, or similar circumstances. T.C.R.C.P. Rule 60. Willis v. Willis, p. 144.

Territorial statute permitting court to subordinate rules of "practice or procedure" to exigencies of justice and convenience does not give the court power to overturn a final judgment in the absence of new evidence, fraud, surprise, or similar circumstances, since res judicata is a rule of substantive law and not of procedure. A.S.C.A. 8 3.0242(b); T.C.R.C.P. Rule 60. Id.

Judgment that disputed tract was "communal land" of a family that was not a traditional Samoan family with a matai left open the question how family was to exercise rights of ownership under land statutes presuming the existence of a senior matai, since family was prohibited by statute from creating a new matai title. A.S.C.A. §§ 1.0401, 37.1502-03. Id.

Land title action was barred by res judicata when ownership of same tract had been resolved between same families over same issues by earlier final judicial resolution. Taulaga M. v. Patea S., p. 186.

Judgment declaring land belonging to a family that was not a traditional Samoan family with a matai to be "communal land" would be construed as having recognized family members as tenants in common of the land, thus enabling them to own and develop land "communally" notwithstanding the nonexistence of a matai. Willis v. Willis, p. 188.

JURISDICTION

Assertion of jurisdiction by the National Labor Relations Board over complaints charging unfair labor practices by employers in American Samoa precludes territorial court from exercising

jurisdiction over such complaints. 29 U.S.C. §
164(c). Su'a v. Star Kist Samoa, Inc., p. 135.

The distance between American Samoa and the NLRB
regional office in San Francisco, and consequent
expense and inconvenience of bringing complaints
there, were not "interests so deeply rooted in
local feeling and responsibility" that territorial
court could exercise jurisdiction over complaints
that would otherwise be within the exclusive
jurisdiction of the National Labor Relations Board.
Id.

LABOR RELATIONS

Assertion of jurisdiction by the National Labor
Relations Board over complaints charging unfair
labor practices by employers in American Samoa
precludes territorial court from exercising
jurisdiction over such complaints. 29 U.S.C. §
164(c). Su'a v. Star Kist Samoa, Inc., p. 135.

The distance between American Samoa and the NLRB
regional office in San Francisco, and consequent
expense and inconvenience of bringing complaints
there, were not "interests so deeply rooted in
local feeling and responsibility" that territorial
court could exercise jurisdiction over complaints
that would otherwise be within the exclusive
jurisdiction of the National Labor Relations Board.
Id.

MATAI TITLES

In the absence of evidence of contrary Samoan
custom, appellate court would not reverse trial
court judgment that candidate for matai title could
cumulate two separate claims to ancestry from
original titleholder in determining the degree of
his blood relationship to titleholder. In re Matai
Title La'apui, p. 7.

Statute prescribing participation in matai title
dispute of one law-trained judge, as well as four
associate judges who are not lawyers but who are
chosen for their familiarity with Samoan custom,
did not require that the law-trained judge be
present during all deliberations of the associate
judges. A.S.C.A. § 3.0240. Id.

Court may enjoin a person from holding himself out
as the holder of a matai title that has been

lawfully registered in the name of another person. A.S.C.A. § 43.0303. Togiola v. Tafesilafa'i, p. 54.

Territorial statute makes it a crime to claim a matai title lawfully registered in the name of another person. A.S.C.A. § 1.0414. Id.

Losing contestants in matai title dispute and their supporters who subsequently participated in a ceremony purporting to bestow the title on someone other than the person in whose name it was lawfully registered, who disrupted a meeting, and who proclaimed their intention to interfere with the decisions and acts of the lawfully registered matai had transgressed the rights of the lawful matai and would be enjoined from further transgressions. Id.

Judgment that disputed tract was "communal land" of a family that was not a traditional Samoan family with a matai left open the question how family was to exercise rights of ownership under land statutes presuming the existence of a senior matai, since family was prohibited by statute from creating a new matai title. A.S.C.A. §§ 1.0401, 37.1502-03. Willis v. Willis, p. 144.

Where there was insufficient evidence to resolve dispute among candidates for matai title about the identity of the original titleholder, and where recent trial court opinion announcing a rule that ancestry of matai title candidates should be traced to the original titleholder had been criticized in subsequent opinions of appellate court, the trial court in a later case would attempt to calculate each candidate's ancestry both to the nearest titleholder and to the titleholder who was the nearest common ancestor of the candidates. In re Matai Title Fano, p. 148.

MINORS

Where child lives with natural parents as well as prospective adopting parents and the only apparent effect of a termination of parental rights would be to enable a prospective adopting parent to obtain higher Social Security benefits, the termination will be denied. In re Two Minor Children, p. 21.

Notwithstanding the consent of child's natural parents to the termination of their parental rights and obligations so that child could be adopted by another couple, such termination would not serve

the best interests of the child where (1) the prospective adopting parents were sixty-four and fifty-eight years old, (2) the natural parents were much younger, (3) the child had lived for most of his life with his natural parents, and (4) the only apparent advantage of a legal adoption would be increased Social Security benefits for the prospective adopting parents. In re A Minor Child, p. 138.

In order for a child to leave his natural parents and live with another couple as their adopted child in accordance with Samoan custom, it is not necessary that the child be legally adopted or that the legal rights and obligations of the natural parents be terminated. Id.

Natural father's parental rights cannot be terminated without compliance with statutory requirements, including that diligent efforts be made to give actual notice. In re A Minor Child, p. 181.

A party seeking the termination of parental rights must provide notice to the child's natural father, either by the statutorily approved method, or by publication if permitted by court order. Id.

In assessing the best interests of a child for the purposes of a proceeding to terminate parental rights so that the child can be adopted, the court must consider the prospective adopting parents' ability to support the child until the child's majority and may therefore consider the ages of the child, of the natural parents, and of the prospective adopting parents. Id.

The best interests of a two-year-old child would not be served by terminating the parental rights and obligations of her natural mother so that she could be adopted by her seventy-six-year-old great-grandmother. Id.

PRACTICE & PROCEDURE

Where court found that circumstances required expedited hearing on motion for preliminary injunction, defendants who had not had time to retain counsel could redress any injury occasioned by the short notice by retaining counsel and bringing the matter for another hearing. Togiola v. Tafesilafa'i, p. 54.

Where plaintiffs had waited three years to file suit after territorial Attorney General had announced that a territorial statute was unconstitutional, and government had granted a number of leases during the intervening years that did not conform to requirements of the statute, action for declaratory judgment that the statute was unconstitutional would be entertained but demand for the invalidation of leases signed prior to the date suit was filed was barred by laches. Tuika Tuika v. Governor of American Samoa, p. 85.

"Preponderance" standard means that if the parties' contradictory versions of the facts have equal evidentiary support and the plaintiff cannot establish superior credibility, the defendant must prevail. Lafaele v. Continental Insurance Co., p. 131.

A judgment that has become final cannot be disturbed in the absence of new evidence, fraud, surprise, or similar circumstances. T.C.R.C.P. Rule 60. Willis v. Willis, p. 144.

Territorial statute permitting court to subordinate rules of "practice or procedure" to exigencies of justice and convenience does not give the court power to overturn a final judgment in the absence of new evidence, fraud, surprise, or similar circumstances, since res judicata is a rule of substantive law and not of procedure. A.S.C.A. § 3.0242(b); T.C.R.C.P. Rule 60. Id.

Insufficient pleadings are properly attacked by motion to dismiss for failure to state a claim rather than with motion for summary judgment. T.C.R.C.P. Rule 12(b)(6), Rule 56. Pene v. American Samoa Power Authority, p. 152.

Court may treat a motion for summary judgment as a motion to dismiss for failure to state a claim when moving papers, though improperly styled, clearly state the latter. T.C.R.C.P. Rule 56, Rule 12(b)(6). Id.

Court may invoke T.C.R.C.P. Rule 12(b)(6) on its own motion. Id.

A complaint sufficient to state a claim upon which relief can be granted must describe the alleged injury and set forth a basis for imposing liability on defendant; conclusory allegations will not suffice. Id.

American Samoa Constitution. A.S.C.A. § 37.2030; Rev. Const'n of Am. Samoa art. II §§ 9 & 10. Tuika Tuika v. Governor of American Samoa, p. 85.

Where plaintiffs had waited three years to file suit after territorial Attorney General had announced that a territorial statute was unconstitutional, and government had granted a number of leases during the intervening years that did not conform to requirements of the statute, action for declaratory judgment that the statute was unconstitutional would be entertained but demand for the invalidation of leases signed prior to the date suit was filed was barred by laches. Id.

Judgment that disputed tract was "communal land" of a family that was not a traditional Samoan family with a matai left open the question how family was to exercise rights of ownership under land statutes presuming the existence of a senior matai, since family was prohibited by statute from creating a new matai title. A.S.C.A. §§ 1.0401, 37.1502-03. Willis v. Willis, p. 144.

Land held to belong to family members as tenants in common is "communal" insofar as each member held an undivided interest in the land by virtue of joint occupation and cultivation, but was not Samoan communal property for purpose of statutes requiring action to be taken by a matai. A.S.C.A. § 37.1502-03. Id.

Tenancy in common differs from traditional Samoan land tenure in that any co-owner is entitled to a partition of the property. Id.

Party claiming ownership of disputed tract could not establish acquisition of title through adverse possession with evidence that he alone received economic proceeds of tract, since close relatives of previous owner still inhabited tract and claimant occasionally acquiesced to references to tract as possession of previous owner. Tuileata v. Amituana'i, p. 168.

Claimant family judicially determined to be communal owners of disputed tract could not banish other claimant who had long been assigned use of it without the extensive consultation and just compensation which are an essential part of the relationship between sa'o and members of his family. Id.

Land title action was barred by res judicata when ownership of same tract had been resolved between same families over same issues by earlier final judicial resolution. Taulaga M. v. Patea S., p. 186.

Judgment declaring land belonging to a family that was not a traditional Samoan family with a matai to be "communal land" would be construed as having recognized family members as tenants in common of the land, thus enabling them to own and develop land "communally" notwithstanding the nonexistence of a matai. Willis v. Willis, p. 188.

STATUTES

Territorial statute providing that shareholder may either cast all his votes for one candidate for corporate office or divide his votes among as many candidates as there are positions did not leave corporate management free to choose which of these two methods would be followed; rather, it required that each shareholder be given the option of choosing how to cast his votes. A.S.C.A. 8 30.0142. Fa'atiliga v. Lutali, p.1.

Statutes enacted in other jurisdictions, or applying to different but related subjects than those before the court, are among the factors courts should consider in applying and fashioning judge-made law. Security Pacific National Bank v. M/V Conquest, p. 59.

Although a federal statute does not apply to proceedings in the High Court of American Samoa, its passage by Congress should be taken into account in determining whether changed current circumstances warrant the application of rules announced in nineteenth-century precedents. Id.

Although Ship Mortgage Act was inapplicable in High Court of American Samoa, its provisions could be applied by analogy by court in applying general law of admiralty. 46 U.S.C. §§ 911 et seq. Id.

Similarly worded constitutional and statutory provisions may be construed differently in different jurisdictions, especially where they have been adopted and applied in different circumstances. Tuika Tuika v. Governor of American Samoa, p. 85.

Court may, in its discretion, dismiss without prejudice a complaint that fails to state a claim upon which relief can be granted. T.C.R.C.P. Rule 12(b)(6). Id.

Statutory period for filing a motion for a new trial commences with the announcement of judgment. A.S.C.A. § 43.0802. Judicial Memorandum, p. 172.

An order or judgment is entered for all purposes on the date any judicial writing is filed or any pronouncement made from the bench. High Court Rule 23. Id.

The Clerk of Court will file a written entry of any judgment announced from the bench; the failure of the Clerk to do so, however, does not prevent the statutory period for filing motions for new trial from commencing with the announcement of judgment by the court. A.S.C.A. § 43.0802. Id.

Events subsequent to the announcement of judgment, such as the issuance of a written opinion, receipt by counsel of notice of the judgment, or the correction of an error or omission in the judgment, do not extend the time for filing motions for new trial. Id.

A correction so substantial as to create a new judgment, or a statement from the bench indicating informally what the judgment will be but reserving formal announcement of judgment until a later date, would cause the statutory period for filing motions for new trial to begin on the date of the correction or of the formal announcement rather than on the date of the initial announcement. Id.

Counsel uncertain of the date by which motion for new trial must be filed should request the court's guidance rather than assume the filing date has been extended. Id.

A motion for new trial should be sufficiently thorough and specific to inform the court and opposing counsel of the particular grounds for the requested relief. T.C.R.C.P. Rule 7(b)(1). Id.

Persons who are likely to be called as witnesses should be notified as far in advance of trial as possible. Judicial Memorandum, p. 176.

Natural father's parental rights cannot be terminated without compliance with statutory requirements, including that diligent efforts be

made to give actual notice. In re A Minor Child, p. 181.

A party seeking the termination of parental rights must provide notice to the child's natural father, either by the statutorily approved method, or by publication if permitted by court order. Id.

Land title action was barred by res judicata when ownership of same tract had been resolved between same families over same issues by earlier final judicial resolution. Taulaga M. v. Patea S., p. 186.

REAL PROPERTY

Long occupancy of land by one family is not necessarily inconsistent with ownership by another family. Leota v. Faumuina, p. 11.

There is a strong presumption that land in American Samoa is communal rather than individual property. Id.

Communal land given in atonement for an offense committed by a family member is presumed to become the communal property of the victim's family rather than the victim's individual property. Id.

Absent special circumstances, senior matai of a Samoan family must respect the right of family members who have long resided on family land to continue residing on family land. Talili v. Satele, p. 23.

Right of Samoan family member to occupy a particular piece of land is not absolute; senior matai of family may reallocate land within family by providing displaced family members with equivalent land. Id.

Right of Samoan family member to use family land for economic purposes is subject to the right of family to contributions in proportion to the value of the fruits of occupancy. Id.

Senior matai of Samoan family should not take major steps with regard to family land without prior consultation of family, and particularly of family members directly affected. Id.

Territorial statute providing for a "legislative veto" of leases of government land did not violate

Territorial statute providing for a "legislative veto" of leases of government land did not violate American Samoa Constitution. A.S.C.A. § 37.2030; Rev. Const'n of Am. Samoa art. II §§ 9 & 10. Id.

Statute requiring the owner of a vehicle to purchase and maintain liability insurance for losses inflicted by any person using his vehicle, and related statutes forbidding the operation of uninsured vehicles on the public highway and giving an injured person the right to bring direct action against the insurer, were intended to ensure recovery in tort for victims injured by drivers who could not afford to pay damages. A.S.C.A. §§ 22.1001, 22.2002-03. Foma'i v. Samana, p. 102.

That a legislature has imposed a criminal sanction on certain conduct does not always mean that it also intended to give persons injured by such conduct the right to recover in tort. Id.

Where a statute restates, reinforces, or gives rise to a community standard, and when it is reasonably foreseeable that the failure to observe this standard will cause a particular kind of harm to a particular kind of victim, such a victim can generally recover damages in tort when he suffers such harm. Id.

Territorial statute permitting jurors who can read, speak, and understand Samoan but not English does not violate defendant's constitutional right to effective assistance of counsel. 46 A.S.C.A. § 46.1504. American Samoa Government v. Agasiva, p. 110.

Federal constitution would not prohibit American Samoan hiring preference, which is reasonably calculated to alleviate the difficulties that attend a government composed largely of officials with no knowledge of the local language and culture and who generally remain in the territory only temporarily. Banks v. American Samoa Government, p. 113.

Territorial statute permitting court to subordinate rules of "practice or procedure" to exigencies of justice and convenience does not give the court power to overturn a final judgment in the absence of new evidence, fraud, surprise, or similar circumstances, since res judicata is a rule of substantive law and not of procedure. A.S.C.A. § 3.0242(b); T.C.R.C.P. Rule 60. Willis v. Willis, p. 144.

Territories are not "states" within meaning of fourteenth amendment, so Congress acted under its constitutional power to regulate territories when it revised civil rights statute to include territories. U.S. Const. art. IV § 3; 42 U.S.C. § 1983. Ferstle v. American Samoa Government, p. 160.

Extension of remedial civil rights statute to territories was premised initially on the concept, unjustifiable as applied to modern American Samoa, of territories as "inchoate states". 42 U.S.C. § 1983. Id.

Applicability of remedial civil rights statute to American Samoa does not extend application in territory of any federal constitutional provisions that would not otherwise apply under the doctrine of the Insular Cases. 42 U.S.C. § 1983. Id.

Absent waiver of sovereign immunity or consent to suit, action for damages under civil rights law may not be maintained against any of the several states. 42 U.S.C. § 1983. Id.

American Samoa Government, immune from suit absent consent or waiver, is not a "person" for purposes of federal civil rights statute. 42 U.S.C. § 1983. Id.

Government Tort Liability Act does not constitute waiver of immunity from suit so as to give right of action against territorial government under federal civil rights law. A.S.C.A. § 43.1203 et seq.; 42 U.S.C. § 1983. Id.

Territorial government is not a "person" liable under federal civil rights law for conspiracy to violate federal rights. 42 U.S.C. § 1985. Id.

TAXATION

In proceeding involving issue of fraudulent intent to evade tax, government bears burden of proof by clear and convincing evidence. 26 U.S.C. § 7454. Ah San v. Lutali, p. 177.

Normal three year statute of limitations for collection of delinquent taxes expands to six years when taxpayer failed to report over 25 percent of his includible gross income in tax return. 26 U.S.C. § 6501(e)(1)(A). Id.

In determination whether taxpayer omitted 25 percent or more of gross income from return, in order to trigger special six-year statute of limitation, an item is not "omitted" if taxpayer did not include the item in gross income but referred to it elsewhere in the return or in an attachment in a matter sufficient to apprise the government of its nature and amount. 26 U.S.C. § 6501(e)(1)(A). Id.

Where government's own documents indicate that taxpayer included allegedly omitted items on return, but simply did not include them in calculation of gross income, items were not "omitted" so as to justify special six-year limitation of actions to remedy taxpayer omissions of over 25 percent of gross income. 26 U.S.C. § 6501(e)(1)(A). Id.

TORTS

Evidence that automobile struck a pedestrian, without more, does not constitute proof that driver was negligent. Matalolo v. Penitusi, p. 46.

Common law concept of "bailment," which would be less likely to result in imposition of liability on a rental company that had put an automobile into the hands of a stranger than on a private individual who had lent a car to a friend, is inappropriate doctrine for the resolution of cases involving automobiles and other dangerous instrumentalities. Foma'i v. Samana, p. 102.

Rental company that puts as many vehicles as possible into the care of strangers should not be judged by less stringent standard of liability than that imposed on employer whose employees use vehicles in the course of his business. Id.

Statute requiring the owner of a vehicle to purchase and maintain liability insurance for losses inflicted by any person using his vehicle, and related statutes forbidding the operation of uninsured vehicles on the public highway and giving an injured person the right to bring direct action against the insurer, were intended to ensure recovery in tort for victims injured by drivers who could not afford to pay damages. A.S.C.A. §§ 22.1001, 22.2002-03. Id.

That a legislature has imposed a criminal sanction on certain conduct does not always mean that it also intended to give persons injured by such conduct the right to recover in tort. Id.

Where a statute restates, reinforces, or gives rise to a community standard, and when it is reasonably foreseeable that the failure to observe this standard will cause a particular kind of harm to a particular kind of victim, such a victim can generally recover damages in tort when he suffers such harm. Id.

Rental company that allowed its automobile to be operated on the highway without insurance required by law was liable for damages suffered by person injured by negligent driver of company's automobile, up to the amount that would have been covered by insurance if the rental company had not breached its statutory duty to provide insurance. A.S.C.A. §§ 22.1001, 22.2002-03. Id.